UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDDIE FLUKER,

       Plaintiff,

v.                                        CASE NO. 8:04-CV-2516-T-MAP

JO ANNE B. BARNHART,
Commissioner of Social Security,

       Defendant.

_____/

## **ORDER**

Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks review of the Commissioner's decision denying his claim for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI").[1]  Essentially, Plaintiff argues that the Administrative Law Judge ("ALJ") erred by (1) failing to present a full copy of the transcript of the proceedings to the Court and to the Plaintiff; (2) failing to fully or properly credit the testimony of the Plaintiff and his wife; and (3) failing to fully and adequately develop or evaluate the vocational testimony.  After reviewing the record, I find the ALJ applied the correct legal standards and the decision is supported by substantial evidence.  Therefore, Plaintiff's complaint is dismissed and the Commissioner's decision is affirmed.

---

[1]  The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c) (doc. 13).

*Background*

Plaintiff was forty-three years old at the time of his administrative hearing on February 12, 2003.  He has a high school education and work experience as a warehouse worker, rigger, and fast food worker.   Plaintiff alleges disability due to a combination of impairments including musculoskeletal difficulties of the shoulders, knees, and ankles, depression, residual effects of grease burns to the feet, and left inguinal hernia repair.[2]  Plaintiff protectively filed for DIB on May 21, 2001, alleging a disability onset date of April 9, 2001.  On April 29, 2003, the ALJ ruled Plaintiff was not under a disability and the Appeals Council denied Plaintiff's request for review.

*Standard of Review*

To be entitled to disability insurance benefits a claimant must be unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. § 423(d)(1)(A).  A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.  42 U.S.C. § 423(d)(3).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations that are currently in effect.  These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled.  20 C.F.R. §§ 404.1520, 416.920.  If an individual is found disabled at any point in the sequential review, further inquiry is

---

[2]   The ALJ accurately reports Plaintiff's medical history, and I adopt that portion of his decision for purposes of this Order.  (R. 26-30).

unnecessary.  20 C.F.R. §§ 404.1520(a), 416.920(a).  Under this process, the ALJ must determine, in sequence, the following:  whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Subpart P; and whether the claimant can perform his or her past relevant work.  If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience.  A claimant is entitled to benefits only if unable to perform other work.  *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(f), 416.920(f).

        In reviewing the ALJ's findings, this Court must ask if substantial evidence supports those findings.  *Richardson v. Perales*, 402 U.S. 389, 390 (1971).  The ALJ's factual findings are conclusive if "substantial evidence" consisting of "relevant evidence as a reasonable person would accept as adequate to support a conclusion" exists.  42 U.S.C. § 405(g); *Keeton v. Dep't of Health and Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).  The court may not reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  Further, the Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he has conducted the proper legal analysis, mandates reversal.  *Keeton*, 21 F.3d at 1066; *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987) (remanding for clarification).

*Discussion*

1. *Whether the Commissioner failed to present a full copy of the transcript of the proceedings to the Court and to the Plaintiff.*

Plaintiff contends that the transcript of the hearing before the ALJ contains many "inaudibles" which prevents meaningful judicial review.  While Defendant concedes that the transcript does contain many responses that were noted as "inaudible," they were inconsequential and the ALJ evaluated the testimony according to the applicable regulations and case law.

A cursory review of the transcript reveals several inaudible notations.  Nevertheless, when one examines the transcript fully, one cannot seriously argue these "inaudibles" deny meaningful judicial review.  *See, e.g.,Ward v. Heckler,* 786 F.2d 844, 848 (8th Cir. 1986) (brief "inaudible" gaps occurring on each page of a thirty-two page transcript did not interfere with the testimony to an extent that would hinder fair review).  The mistakes do not interfere with the Court's ability to ascertain the crux of the witness's testimony.  Nor is there any indication, for example, that a corrected transcript would even aid the Plaintiff.  *See Andres v. Bowen,* 870 F.2d 453, 455-56 (8th Cir. 1989) (missing portion of expert's responses to hypothetical questions posed by the ALJ would not have assisted claimant).  Moreover, the ALJ's written decision, in effect, reveals that he considered the testimony at the hearing in making his decision.  *Andres v. Bowen,* 870 F.2d at 455-456.

2. *Whether the Commissioner erred in failing to fully or properly credit the testimony of the Plaintiff and of the Plaintiff's witness.*

Plaintiff argues that the ALJ failed to fully credit the testimony of Plaintiff and his wife. Defendant argues that the ALJ properly discredited Plaintiff and his wife.

4

The Eleventh Circuit has established a three-part "pain standard" that applies to claimants that attempt to establish a disability through their own testimony of subjective complaints. The standard requires evidence of an underlying medical condition and either (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of such a severity that it can reasonably be expected to give rise to the alleged pain. *See Holt v. Sullivan*, 921 F.2d 1221 (11th Cir. 1991). When the ALJ decides not to credit a claimant's pain testimony the ALJ must articulate explicit and adequate reasons for doing so. *Foote v. Chater*, 67 F.3d 1553, 1561-62 (11th Cir. 1995). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *Id.* at 1562.

In satisfying the *Holt* standard, the ALJ found that Plaintiff and his wife's testimony were "not entirely credible in light of the objective medical findings contained in the record, and based on the claimant's own description of his activities and lifestyle." R. 30. In making the credibility determination, the ALJ properly made the following observations: Plaintiff is able to cook, perform simple chores, watch his grandchildren, and get around town; he has full range of motion in the lower extremities; no evidence indicates that Plaintiff's burn scars affect his ability to stand or walk; the consulting physicians indicated that Plaintiff is capable of performing light work with postural limitations; the consultative psychologist found Plaintiff has moderate restrictions in social functioning. R. 28-30. Based on these findings, the ALJ determined that Plaintiff's complaints and his wife's testimony regarding his severe pain and limitations were not supported from the documentary evidence. In considering all the evidence and testimony at the hearing, I conclude the

ALJ properly considered Plaintiff's complaints about his symptoms and his finding that Plaintiff could perform a significant range of light work is supported by substantial evidence.

       3.       *Whether the ALJ erred in failing to fully and adequately develop or evaluate the vocational testimony.*

Plaintiff contends that the ALJ posed an incomplete hypothetical to the ALJ. Defendant contends that the ALJ included the credible limitations in the hypothetical.

The ALJ's hypothetical posed to a vocational expert must comprehensively describe the plaintiff's limitations. *See Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985). Of course, the ALJ is not required to include limitations found not credible, and submits to the expert only those supported by objective evidence of record. *See Wolfe v. Chater*, 86 F.3d 1072, 1078 (11th Cir. 1996), *McSwain v. Bowen*, 814 F.2d 617, 620 n.1 (11th Cir. 1987).

A review of the record reveals that the hypothetical included those limitations the ALJ found credible. Although there are two "inaudibles" in the ALJ's query, I find that the hypothetical included those limitations found to be credible and supported by the record.

Plaintiff also contends that the ALJ failed to determine whether the VE's testimony concerning job requirements was consistent with the requirements under the Department of Labor's, *Dictionary of Occupational Titles* (DOT).

Social Security Ruling 00-4P states in pertinent part:

> Occupational evidence provided by a VE or VS generally should be consistent with the occupational information supplied by the DOT. When there is an apparent unresolved conflict between VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled. At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency.

SSR 00-4P.

The ALJ did fail to question the VE regarding any discrepancies between his testimony and the DOT.  However, the VE's testimony in no way conflicts with the job classifications of the DOT.  *See* R. 57-58; DOT 706.684-022; DOT 342.667-014.  As such, the failure was harmless.  *See Wolfe v. Heckler,* 741 F.2d 1084 (8th Cir. 1985) (ALJ's error of law did not require remand where, based on record evidence, claimant could not recover benefits as a matter of law.)

*Conclusion*

For the reasons stated, it is hereby

ORDERED:

1.      The Plaintiff's complaint is dismissed and the Commissioner's decision affirmed.

2.      The Clerk is directed to enter judgment for the Commissioner.

IT IS SO ORDERED in chambers at Tampa, Florida on this 2nd day of March, 2006.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:   Counsel of Record

7